May it please the court. My name is Eitan Kaslianich and I am representing Martin Schiaffino in this appeal. Schiaffino is a veteran who has been found to be disabled by the Veterans Administration. In the merits decision in this case, this court held that the ALJ had erred by improperly rejecting the opinion of an examining psychologist, Dr. Thompson, and by improperly rejecting the VA's determination that Schiaffino was disabled. The court held that none of the ALJ's reasons for rejecting Dr. Thompson's opinion were convincing and none of the ALJ's reasons for rejecting the VA's disability rating were persuasive, specific, valid reasons for doing so that are supported by the record. Schiaffino filed a motion for EJIA attorney's fees but the motion was denied by the district court which held that the Commissioner's position was substantially justified. Counselor, could you give us an example of what in your mind would be substantially justified? Well, the problem here, it's easier for me to talk about what is not substantially justified simply because in this case the decision did not have a reasonable basis in fact because the ALJ had had failed to properly evaluate and accept Dr. Thompson's opinion and the VA finding of disability but more so than that it had lacked a reasonable basis in law because the ALJ did not comply with the relevant legal standards in evaluating Dr. Thompson's opinion and the VA disability determination. Now I'll go back to your question, are there cases where we could be sitting here and there would be a remand by the court but there would nevertheless be substantial justification? One of the examples of that which is cited by my opposing counsel is Decker but Decker involved a case where new evidence had been provided at the Appeals Council level and I believe the court rightly determined that the ALJ couldn't be held accountable for not considering evidence that he'd never seen so that's an example. The real issue though is you have to convince the government to show substantial justification and to do so they have to show both that the ALJ's decision but with regard to the issues that resulted in the remand that that part of the ALJ's decision had a reasonable basis in fact and in law and the Commissioner also has the reasonable basis in fact and in law but if the ALJ's underlying decision lacks a reasonable basis in fact in law the court doesn't even have to look at whether or not the government was reasonable in the arguments that they raised. Counsel, is there another layer involved in the analysis which is that we are reviewing for abuse of discretion so the arguments you're persuasive to the district court or not but on appeal we are looking for whether there's an abuse of discretion. Right so what I for regarding abuse of discretion the issue I think is spelled out very well in my in the Ninth Circuit's decision in Meyer where it states that the court stated that district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical implausible or without support and inferences that may be drawn from the facts in the record. Now the way that that applies here is that the this court under the law of this case this court has already determined that the ALJ did not state any valid reason for rejecting Dr. Thompson's opinion and the ALJ did not state any valid reason for rejecting Dr. Thompson's opinion and those two factors show that the ALJ's decision did not have a reasonable basis in law. The ALJ did not follow the correct legal standards and so in looking at the district court's decision here the district court stated in its decision and focused on well on its position that the remand addressed the weight of the evidence more than a procedural defect or a violation of rule of rule or law and I think that's incorrect because the the issue that was identified by the Ninth Circuit was that the ALJ had not complied with McCarty which is the case that sets forth the legal standard involving that DEA determination just determinations of disability and the ALJ did not comply with Ninth Circuit voluminous Ninth Circuit case law that states that an ALJ cannot reject an examining psychologist uncontradicted opinion without stating convincing reasons for doing so and so where that was there seems to be a somewhat crossing in the night because the district court first relies on what it earlier found then the case comes up to the Ninth Circuit then it comes back and in the district court's view for example this issue for example about the disability and whether the activities such as Disneyland etc are relevant the that's not a legal error what is your response to the way the district court analyzed that well for one thing that particular issue is not it wasn't the basis of the remand from the Ninth Circuit didn't the Ninth Circuit didn't so much focus on on that issue and focus more on dr. Thompson's opinion and the also you know that's that is it gets tough when you're just weighing the evidence back and forth but the that on that issue she if you know had not had not gone to Disneyland and being at Disneyland he hung out in his hotel room at Disneyland so he could be there with his family I mean it wasn't it wasn't even a good example in the first place but I think judge what I think what your point to and I agree on this is that the arm it does seem like the district court focus more on its own analysis of the merits rather than focusing on what the Ninth Circuit had stated this is the final determination on the merits here what would happen what if we were to decide that the the district court abused its discretion and finding that the government's position was substantially justified in part but not as to all issues in other words sort of a split decision that the agency's position was substantially justified as to some issues but not as to others what is the remedy then well there is only one finding a substantial justification it's an all or none concept and so if there was one what is the authority that you rely on to suggest that it's there's only one finding a substantial justification well let's focus on your question then let's say in this case there are two issues that each of which resulted in the remand if the court were to find it the ALJ was substantially justified on one of those issues but not on the other it still means that his justified on one of the issues that resulted in the remand for a new hearing and there is no I don't know of any case law that's ever split up or tried to split up substantial justification based on numerous issues the question is it has to be completely substantially justified and if it isn't completely substantially justified it isn't substantial justified so what is the authority you rely on for that is that based on your reading of the statute or is there some case law that supports that well there isn't any case law this is the opposite I guess it's my point it's always been a working assumption that that's that's how it is because if it's what I mean have you just researched Ninth Circuit case law or have you looked at other circuits for example the DC Circuit like Alfin versus NTSB which says that the statute envisions parsing up the substantial justification issue the Ninth Circuit I've never seen any case law that says that and on the night and even if you parse it up once you've parsed it if unless the government can show substantial justification on all of the issues that resulted in the remand the government's overall position was not substantial justified and then therefore under the IJA and I think you look it's looking at the statute the statute doesn't break it up in any way it doesn't say on various issues it just says it is what it is so we've used all your time I will give you a minute for rebuttal. May it please the court and counsel Lars Nelson on behalf of the Commissioner of Social Security this court should affirm the chief district court judge because the district court judge's decision was not an abuse of discretion there are four reasons that support affirming in this case one the district court considered that the case was affirmed on the merits by the district court and was only overturned on appeal the commissioners all of the ALJ's findings were grounded in established law and most of them were connected with a string of successes in similar cases all of the ALJ's findings had substance in the record and the errors here only yielded a remand for further administrative proceedings in fact it was not clear how they would change the residual functional capacity assessment which goes to the question of just how clear the errors were in a case like Meijer it was definitive that the errors were very clear. Well counsel didn't a panel of this court say that the errors are not harmless because the ALJ's assessment of the RFC might change once Dr. Thompson's opinion is clarified and given the consideration of the VA's determination. Yes your honor and nobody is challenging that this court's decision this matter was remanded further proceedings are ongoing the question is is did the commissioner and the ALJ have a reasonable basis in fact and in law in taking the positions that we did. Well let's back up for a the Ninth Circuit panel opinion started out by addressing Dr. Thompson's assessment the decision to give it little or minimal weight ultimately said neither of these reasons is consistent with the record. Is that a statement of weighing or simply an absence of evidence in the record? Well I mean if we go on to I believe the next line the court says that the court acknowledges that the decision was vague and then the court specifically talks about the eye contact issue and notes that there were cases where there was good eye contact and not good eye contact. So I would say in that case this is a decided that under substantial evidence review that the ALJ's evidence did not cross the more than scintilla threshold to constitute substantial evidence but we have a different inquiry under substantial justification and that inquiry is articulated in Hardesty and Hardesty said does the ALJ's decision have substance in the record and in this case the ALJ did in fact cite a record the most recent one from February of 2016 by Dr. Johnson in which the claimant did have good eye contact and that conflicted with Dr. Thompson's opinion. It may not in retrospect in the judgment of this court have been enough but in the district courts view that was enough and was sufficient and it's because there was some substance in the ALJ's decision and a low standard of and the ALJ's are charged with resolving conflicts that's what Richardson versus Perala said that's not in common that there are conflicts in the record that it was not unreasonable for the ALJ to reach that conclusion in the face of conflicting evidence and it was not unreasonable for the Commissioner to defend that position and that's ultimately the hurdle that the Commissioner had to clear here was just was there substance in the record that provided some basis for the defense and Meyer made clear that in the typical case the ALJ's decision and the Commissioner's decision will typically be the analysis will be one in the same this is not a case where this court has to look at was this the Commissioner taking a different position than the ALJ here they're overlapping and they are one in the same but of course there was that begs the question then of the review because there may be evidence in the record given the low threshold to support the decision but then when it goes back on remand the question we're looking at is a little bit different standard and that is the substantial justification which now the burden moves to the government isn't that correct that is correct your honor so it does seem that the shifting burdens have an impact on how we analyze it because we're not kind of back in the administrative proceeding with the low administrative standard but now we're looking at something where the Ninth Circuit said there's deficiencies there's problems in this record and now the question is is there substantial justification so with that I want to pursue somewhat the line that Judge Beatty asked your colleague and that is is it a unitary look that we take or do we look at different issues my understanding of this court's case law is that this court must look at each issue that yielded remand and ask was there did the commissioner have a reasonable basis in fact and in law in defending each one of those issues now there is another layer to that analysis because the court has to ask that question both for the administrative level and at the litigation stage that is not an issue here because the commissioner defended the ALJ's reasons and there is unity of those two positions but but those are the steps of the analysis so I mean well you're taking the position that to get to whether there's substantial justification you do look at it issue by issue is that right yes your honor and what's the best support you have for that frame of analysis the issue by issue I think you would look at Flores and Hardesty Hardesty in particular it was the Hardesty in particular there was an argument that the errors not addressed should be addressed when analyzing substantial justification and the court was very concerned about that that would lead down the path of having an entirely new litigation whereas it's the responsibility of a court to narrow the issues and to manage judicial efficiency and so the Hardesty court very much wanted to focus the analysis on the specific issues that yielded remand in that case well here we have you could see that it could be characterized that there were two issues on remand which we seemed to all agree with respect to the crediting the inconsistencies so just hypothetically if we were to say that the government's position was not substantially justified on issue number one but was on issue number two would that lead to the conclusion that was suggested here by Mr. Yannich which is well if you have that kind of a split then you do not have a substantially justified position by the government. I believe that the Mr. Yannich is correct that there is recent the most recent case law describes the standard as as he has articulated I believe that there are older cases from the 1980s where the court did piecemeal it out but my understanding of the current status in this court without this court having wrestled with the conflicting case law I believe he is correct that it is an all-or-nothing analysis. What is the case law you're referring to? This issue wasn't challenged or brief this is just based on my familiarity as with Mr. Yannich as in practicing in this area. So you're not citing or relying upon a specific case? I am NOT your honor and I think that this goes demonstrates how I mean it serves the Commissioner here because I think it goes to the scope of remand the scope of errors if the Commissioner has to hit a bullseye on everything to be substantially justified I think that that if there's only a few errors and it where there is ambiguity in the record I think that that gives the Commissioner one wider bullseye and where the Commissioner has cleared that hurdle before the district court it shows that the Commissioner this puts it in the realm of an unusual case which this court's case law does talk about is that where there is a lack of substantial evidence that it would be an unusual case where there'd be substantial justification and again here there were the four factors that I think showed this is an unusual case the affirmance the string of successes the all the ALJ's findings having substance in the record which is consistent with Hardesty and the fact that it was the errors did not clearly direct a finding of disability there was ambiguity in the record that reasonable minds can disagree on if the court doesn't have any other further questions that's my time. Thank you. I've lost all of you let me see if I can make you appear you mean it's a you can't see us no but it's I can let's see where'd you go well there you are you're back okay it's nice to see you again so I'll just focus on a couple of things that the my opposing counsel just mentioned he talked about a string of successes well that is true in every single case that comes to district court it's also true in every single case that comes to the Ninth Circuit there's always going to be a string of successes on the other side that's why you're appealing it that proves nothing um the other thing is that the issue of an award the court concluding that that it should be awarded versus concluding that there should be a remand for a new hearing well that most in most cases all the court will do is remand for a new hearing because there has to be a certain level of certainty in order to award benefits but that is not that has once again does not define substantial justification the back to the issue of the all or nothing or it is you know if there is some the fact that this court on the merits found that there was a lack of substantial evidence to support the the analysis of dr. Thompson's opinion does speak volumes about whether or not the ALJ's decision was substantially justified and similarly the the fact that there was no that the ALJ didn't comply with the correct the correct legal standards on regarding the VA determination and how she handled that speaks volumes about the lack of a reasonable basis in law for the ALJ's determination on that issue so I would ask the court to to award each of the benefits here which goes to the benefit of my clients because it reduces the attorney's fees he ultimately owes in the end and because the ultimate reason here being the ALJ's decision was not substantially justified and the district court's analysis was an abuse of discretion thank you thank you I'd like to thank both counsel for argument very interesting case the case just argued as Schiaffino versus the commissioner is now submitted
judges: McKEOWN, BADE, Fitzwater